FILED
2025 MAR 7 PM 3:04
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

DIVERSITY OF CITIZENSHIP [28 U.S.C § 1332(a)] CIVIL SUIT AT COMMON LAW
AND UNDER STATUTE LAWS OF UTAH [1] AND OF GEORGIA [2] [3][4]

*Breach of Contract; and Aggravated Torts of Slander, Breach of Duty, Interference with
Contractual Relations, Fraud, Negligence, Interference with Enjoyment of Property, and Injury
to Peace, Happiness, and Feelings; and Unfair and Deceptive Practices;* **Jury Trial Demanded**

| | | |
|---|---|---|
| TAMAH JADA CLARK (PRO PER/PRO SE)   * | | CIVIL CASE NO.: |
| **PLAINTIFF**   * | | Case: 2:25−cv−00177 |
|   * | | Assigned To : Pead, Dustin B. |
| Vs.   * | | Assign. Date : 3/7/2025 |
|   * | | Description: Clark v. America Express |
| AMERICAN EXPRESS NATIONAL BANK,   * | | National Bank et al |
| AMERICAN EXPRESS NATIONAL BANK   * | | |
| CEO/DIRECTOR ANRE WILLIAMS,   * | | |
| AMERICAN EXPRESS COMPANY,   * | | |
| JENNIFER FELL AND MIA FIGUEROA   * | | |
| (PRIVATE/INDIVIDUAL CAPACITIES),   * | | |
| **DEFENDANTS**   * | | |

**Friday, March 7, 2025**

**INITIAL PLEADING/COMPLAINT**
PURSUANT ARTICLE III, SECTION 2, CLAUSE 1, U.S. CONSTITUTION— 1787 AND

MAR. 3, 1911, CH. 231, §24, PAR. 1, 36 STAT. 1091

      COMES NOW TAMAH JADA CLARK, "PLAINTIFF", seeking nominal, actual,

special, and exemplary damages and equitable relief for breach of contract; and aggravated torts

---

[1] The common law, without the "United States", is of full force and effect in the state of Utah. *See* UT Code § 68-3-1.

[2] The common law, without the "United States", is of full force and effect in the state of Georgia. *See* Act of February 25, 1784.

[3] *See* O.C.G.A.§1-1-10(c)(1).

[4] Note: Every reference herein to the Utah Code (UT Code)), Official Code of Georgia (O.C.G.A.), and the United States Code (U.S.C), government codes, is for the convenience of government employees (e.g. clerks, judges, etc.) to whom they apply. Under no circumstances shall they be misconstrued as law or statute applicable to PLAINTIFF per se.

of slander, breach of duty (*see* <u>O.C.G.A.§ 51-1-8</u>, [5] <u>O.C.G.A. 51-1-6</u> [6]), interference with contractual relations, fraud (*see* <u>O.C.G.A. § 51-6-1</u> [7]), negligence (*see* <u>O.C.G.A. § 51-1-19</u> [8]), interference with enjoyment of property, and injury to peace, happiness, and feelings; and unfair and deceptive practices against DEFENDANTS:

AMERICAN EXPRESS NATIONAL BANK (AENB),
AMERICAN EXPRESS NATIONAL BANK
CEO/DIRECTOR ANRE WILLIAMS (MR. WILLIAMS),
AMERICAN EXPRESS COMPANY (AEC),
JENNIFER FELL *IN PRIVATE/INDIVIDUAL CAPACITY* (MS. FELL),
AND MIA FIGUERO *IN PRIVATE/INDIVIDUAL CAPACITY (*MS. FIGUEROA)

## I.

PLAINTIFF is a Citizen of the state of Georgia. (All stated claims arose while PLAINTIFF was physically present in Georgia). DEFENDANT AENB is a citizen of the State of Utah;[9] DEFENDANTS AEC, [10] MS. FELL, and MS. FIGUEROA are citizens of the State of New York; and DEFENDANT MR. WILIAMS is either a citizen of the State of Utah or of the State of New York. [11] The amount in controversy exceeds $75,000. **Jury trial is demanded**.

---

[5] "Private duties may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action." <u>O.C.G.A.§ 51-1-8</u>.

[6]" When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby." <u>O.C.G.A. 51-1-6</u>.

[7]" Fraud, accompanied by damage to the party defrauded, always gives a right of action to the injured party." <u>O.C.G.A. § 51-6-1</u>.

[8] "When trust or confidence is reposed in a person in consideration of the payment or promise of a reward to him, negligence in the person trusted which results in injury to the other person shall give the injured party a right of action." <u>O.C.G.A. § 51-1-19</u>.

[9] Note: As of the date of filing this Suit, the Federal Deposit Insurance Corporation as DEFENDANT AENB

[10] Note: As of the date of filing this Suit, the Utah Department of Commerce, Division of Corporations has DEFENDANT AEC listed as a foreign corporation domiciled in New York. *See* **Court Exhibit A:** Utah Business Registration.

[11] Note: As of the date of filing this Suit, the Utah Department of Financial Institutions has DEFENDANT MR. WILLIAM'S address listed as 4315 S 2700 W Salt Lake City, Utah 8418 and names him as the CEO/DIRECTOR of American Express National Bank.

**II.**

The present Suit arises under a common-law contract in connection with Platinum Card® Cardmember Agreement, hereinafter "Contract", consideration for which PLAINTIFF did tender payments of $695 and $195— in November 2024 and March 2024, respectively—  to DEFENDANT AEC for Platinum Card® credit card membership and account servicing, hereinafter "Service", provided by DEFENDANTS AENB and AEC.

**III.**

The Contract was to provide Service for a 12-month period which began November 2024 with automatic annual renewal in perpetuity. DEFENDANTS AENB and AEC have explicitly refused and failed to perform Contract as of February 26, 2025, in breach thereof, and has failed and refused to return any portion of payments tendered (i.e. $695 and $195). *See* **Court Exhibit B:** Account Cancellation Notice.

**IV.**

DEFENDANTS AENB and AEC have expressly refused to mend the breach of Contract resulting from their failure to perform Contract despite numerous verbal and written requests by PLAINTIFF from February 26, 2025, to March 4, 2025.

**V.**

In addition to Service under the stated Contract, DEFENDANTS AENB and AEC agreed to extend credit card lending to PLAINTIFF for a 12-month term, hereinafter "Credit", via a Platinum Card® charge card account, hereinafter "Account", in accordance with applicable federal law. Pursuant Georgia and Utah law, this created an enforceable contract because PLAINTIFF and DEFENDANTS were able to contract, there was good consideration in the form of a strong moral obligation and natural duty for DEFENDANTS to provide and PLAINTIFF to receive Credit, and both parties assented to the terms of the contract for a subject matter upon which the contract can operate.

**VI.**

The Equal Credit Opportunity Act (ECOA), prohibits the cancellation of Credit or other adverse action for a stated reason of "adherence to regulatory guidelines". [12] Under 15 U.S.C. § 1691(d)(2), PLAINTIFF is entitled to a statement of reasons for an adverse action. [13] The Official Interpretations to Regulation B explain that "[t]he specific reasons disclosed . . . must relate to and accurately describe the factors actually considered or scored by a creditor." (*See* 12 CFR Part 1002 (Supp. I), sec. 1002.9, para. 9(b)(1)-2). The purpose is to allow PLAINTIFF to rectify a mistake "where the creditor may have acted on misinformation or inadequate information". Rep. 94-589, 94th Cong., 2d Sess., at 4, *reprinted in* 1976 U.S.S.C.A.N. 403, 406. [14] Pursuant 15 U.S.C. § 1691(d)(6), [15] the definition of "adverse action" includes the denial or revocation of credit.

## VII.

DEFENDANTS AENB and AEC have expressly refused—after numerous written and verbal requests by PLAINTIFF— to provide an adverse action notice that complies with 12 CFR § 1002.9(a)(1) & (2), which requires a written statement of the specific reason for the action taken. [16] DEFENDANTS AENB and AEC have willfully and negligently failed to comply with these obligations under federal law and have willfully and knowingly denied PLAINTIFF'S right to rectify mistakes and illegal adverse action under the same.

## VIII.

---

[12] "The statement of reasons for adverse action required by paragraph (a)(2)(i) of this section must be specific and indicate the principal reason(s) for the adverse action. Statements that the adverse action was based on the creditor's internal standards or policies or that the applicant, joint applicant, or similar party failed to achieve a qualifying score on the creditor's credit scoring system are insufficient." 12 CFR § 1002.9(b)(2).

[13] "Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2).

[14] *See* **Court Exhibit C**: CFPB Rules and Regulations.

[15] "For purposes of this subsection, the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested."

[16] "A notification given to an applicant when adverse action is taken shall be in writing and shall contain a statement of the action taken; the name and address of the creditor; a statement of the provisions of section 701(a) of the Act; the name and address of the Federal agency that administers compliance with respect to the creditor". 12 CFR § 1002.9(a)(2).

The ECOA prohibits DEFENDDANTS AENB and AEC from discriminating against PLAINTIFF for having, in good faith, exercised any right under the Consumer Credit Protection Act or CCPA. (*See* 15 U.S.C. § 1691(a)(3)). [17] On August 22, 2024, July 22, 2024, and July 23, 2024, PLAINTIFF, in good faith, exercised rights under the Consumer Credit Protection Act (15 U.S.C. § 1601 *et seq.*) to which DEFENDANTS AENB and AEC discriminatorily responded by cancelling PLAINTIFF'S Credit on February 26, 2025, under the vague, legally insufficient pretext of "adherence to regulatory guidelines" as shown in the Attachments of **Court Exhibit D:** Notice of Legal Claims (Civil and Criminal) & Demand for Relief. Under Rule 10(c), Federal Rules of Civil Procedure, **Court Ex. D** is hereinto incorporated as part of this Complaint for all purposes. [18]

## IX.

DEFENDANTS AENB and AEC are involved in deceptive trade practices by advertising services with intent not to sell them as advertised and engaged in conduct which similarly creates a likelihood of confusion and misunderstanding.

## X.

Pursuant 15 U.S.C. § 1666j(a), [19] DEFENDANTS AENB and AEC are not shielded from liability for their deceptive trade practices as defined at UT Code § 13-11a-3 due to exemption under UT Code § 13-11a-5(1) as their conduct is not *in compliance* with the orders or rules of, or a statute administered by, a federal, state, or local governmental agency.

## XI.

---

[17] "It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction… because the applicant has in good faith exercised any right under this chapter." 15 U.S.C. § 1691(a)(3).

[18] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed Rules Civ Pro rule 10(c).

[19] "This part does not annul, alter, or affect, or exempt any person subject to the provisions of this part from complying with, the laws of any State with respect to credit billing practices, except to the extent that those laws are inconsistent with any provision of this part". 15 U.S.C. § 1666j(a).

DEFENDANTS AENB, MR. WILLIAMS, AEC, MS. FELL, AND MS. FIGUEROA have willfully, negligently, and maliciously committed the aggravated torts of slander, breach of duty, interference with contractual relations, fraud, interference with enjoyment of property, and injury to peace, happiness, and feelings in violation of state and federal civil and criminal law as set forth in **Court Ex.** D. PLAINTIFF has been a Platinum Card® member since 2017.

a)  On or around Wednesday, February 26, 2025, DEFENDANTS MS. FELL and MS. FIGUEROA directed the American Express Credit Department/Account Services or "Amex Credit Team" to cancel Service under the guise of "adherence to regulatory guidelines" that contravene federal law.[20] Actions and inactions outside of their official duties that violate civil and criminal state and federal law incur personal liability. In breach of their duties, DEFENDANTS MS. FELL and MS. FIGUEROA tortiously interfered with the contractual relations between PLAINTIFF and DEFENDANTS AENB and AEC.

b)  On July 1, 2024, DEFENDANTS AENB and AEC misrepresented PLAINTIFF'S right to conflict resolution through mediation; and on October 29, 2024, they deprived PLAINTIFF of the right to mediate for the Account by strategically delaying their communications to fall outside stipulated time limits for mediation. The Claims Resolution section of the Platinum Card® Cardmember Agreement violates the Utah Uniform Arbitration Act (UT Code § 78B-11-105 *et seq*.) because prior to a controversy arising, it required PLAINTIFF to waive or vary the effect of the requirements of Subsections 78B-11-106(1), 78B-11-107(1), 78B-11-118(1) or (2), or Section 78B-11-109, 78B-11-127, or 78B-11-129. DEFENDANTS AENB and AEC deceptively promised access to claims resolution that they were unwilling and unable to provide. DEFENDANTS AENB and AEC committed fraud upon the person of PLAINTIFF and

---

[20] Note: Per an e-mail from American Express Global Counsel Office employee David DeSales Switzler to PLAINTIFF dated November 26,2024, chargebacks cannot be filed after 60 days following the original date of the charge because doing so is considered a violation of American Express' internal regulatory guidelines. However, a regulatory guideline that violates federal financial credit laws is invalid and unenforceable.

did not have any intent to provide PLAINTIFF Service, Credit or the Account as advertised.

c) On July 1, 2024, DEFENDANTS AENB and AEC stated, on page 5 of the Platinum Card® Cardmember Agreement: "[w]e may do any of these things at our discretion" (e.g. cancel Account, cancel Service, cancel Credit) "even if you pay on time and your Account is not in default" and allege that "[i]f your Account is cancelled, you must destroy your cards." These are falsehoods that create confusion and misunderstanding because actions taken by DEFENDANTS is *not* and *cannot* be at their discretion. It must be in accordance with federal financial and credit law, including but not limited to the ECOA and CCPA, because any agreement to break the law or do an illegal act is invalid, and unenforceable. As a domiciliary and resident of Georgia who received Service, Credit, and the Account based upon advertisements in Georgia, PLAINTIFF cannot be bound by an illegal condition. "Impossible, immoral, and illegal conditions are void and are binding upon no one." O.C.G.A. § 13-3-5. Failure to comply with the ECOA and CCPA are breaches of duty that cannot be excused at the "discretion" of DEFENDANTS or stipulated away by a private contract.

d) On March 3, 2025, PLAINTIFF spoke with Platinum Card® service representative Keisha at 5:45 PM who stated that only the department responsible for an adverse action can provide details about the action and can reverse it. When PLAINTIFF contacted DEFENDANT MS. FELL March 3, 2025, at 7:12 PM, she categorically denied knowledge and involvement with the adverse action and refused to provide PLAINTIFF any information about the meaning and cause of "adherence to regulatory guidelines". She said, on March 4, 2025, at 11:54 AM, "[a]fter review, please be advised that our team… was not involved with or made aware of the cancellation of the Account", and she directed PLAINTIFF to call 1(800) 249-2583 (i.e. American Express Credit Department/Account Services). She said they would direct PLAINTIFF "to the appropriate team who can assist [PLAINTIFF]". On March 4, 2025, around 4:30 PM, PLAINTIFF spoke to American Express Credit Department/Account Services supervisor Miria who stated the adverse action was not decided by her department but was

transmitted to them "systematically" through their internal system from an unidentified higher up department. She also stated that to receive any information about the meaning of "adherence to regulatory guidelines" and to request reversal of the adverse action, PLAINTIFF would need to contact American Express General Counsel's Office. **Court Exhibit E:** Amex Final Straw E-mail. DEFENDANT MS. FELL serves as Director and Litigation Counsel of that office. Although it was within her power and it was her duty to do so, DEFENDANT MS. FELL failed to assist PLAINTIFF despite several written requests, in breach of her duty.

e)  On March 4, 2025, PLAINTIFF was verbally informed by American Express Credit Department/Account Services supervisor Miria that the Service, Credit and Account cancellation from February 26, 2025, are being reported as "closed at lender's request/closed by lender" to credit bureaus. This is slanderous because it misrepresents PLAINTFF as the culpable party for the end of a long-term relationship (since 2017) instead of DEFENDANT'S attempt to conceal violation of federal financial and credit law being the cause. This is unlawful interference with contractual relations because it casts serious doubts as to PLAINTFF'S creditworthiness for trade and business opportunities. On March 7, 2025, a credit offer of $303,000 was lost as a result of negative impact of adverse action taken against PLAINTIFF.

f)  DEFENDANTS MR. WILLIAMS, AENB, and AEC are aware of and are permitting state and federal law violations by DEFENDANTS AENB, AEC, MS. FELL, and MS. FIGUEROA which is gross negligence as well as a violation of his MR. WILLIAM'S Oath, and a breach of his duty. *See* **Court Exhibit F:** Notice of Intent to Sue [without Notice of Legal Claims (already included in Complaint as Court Exhibit D)].

## XII.

DEFENDANTS AENB and AEC are violating the Georgia Uniform Deceptive Trade Practices Act or UDTPA (O.C.G.A. § 10-1-370 *et seq.*) and are not exempt from the UDTPA

under O.C.G.A. § 10-1-374(a)(1) because the conduct complained of is not *in compliance* with the order or rules of or a statute administered by a federal, state or local government agency.

## XIII.

Under the UDTPA, a "person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he…[a]advertises goods or services with intent not to sell them as advertise"… and "[e]ngages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding. (*See* O.C.G.A. § 10-1-372(a)(9) & (12).

## XIV.

DEFENDANTS AENB and AEC advertised Service without intent to sell it as advertised. Service created a common-law contract according to O.C.G.A. § 13-3-1 [21] that is not subject to or in compliance with the order or rules of or a statute administered by a federal, state or local government agency. The U.S. Congress does not have Authority to legislate concerning common-law contracts. DEFENDANTS AENB'S and AEC'S false advertising violates O.C.G.A. § 10-1-420(a) and is punishable as a misdemeanor under O.C.G.A. § 10-1-420(c).

## XV.

DEFENDANTS AENB and AEC have ratified all torts of DEFENDANTS MR. WILLIAMS, MS. FELL, and MS. FIGUEROA and are liable for those torts under O.C.G.A. § 51-1-12.[22]

## XVI.

PLAINTIFF reserves the right to seek remedies under UT Code § 13-11a-4 after 10 days' notice and demand for relief, and under O.C.G.A.§ 10-1-399(a) after 30 days' notice and demand for relief.

---

[21] "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1.
[22] "By ratification of a tort committed for his own benefit, the ratifier becomes as liable as if he had commanded that it be committed. A person ratifying a tort does not become liable, however, if the act was done for the benefit of a third person." O.C.G.A. § 51-1-12.

## XVII.

PLAINTIFF seeks relief in the form of damages and equitable relief as the triers of fact see fit. PLAINTIFF has suffered emotional duress, loss of a credit offer of $303,000 from a third-party, loss of an estimated $100,000 Platinum Card® credit access, loss wages of $60,000, damage to reputation and credit worthiness, decreased credit score, and miscellaneous costs of approximately $250 for shipping, postage, printing, etc, and necessary expenses.

PLAINTIFF prays for the following relief:

a) Punitive damages against DEFENDANTS AENB, AEC, MR. WILLIAMS, MS. FELL, and MS. FIGUEROA under O.C.G.A. 51-12-5.1(f). [23]

b) Actual damages, costs, and punitive damages under UT Code § 13-5a-103(1) or Unfair Competition Act (UCA) against DEFENDANTS MS. FELL, and MS. FIGUEROA

c) Actual damages or $2,000 and costs under UT Code § 13-11a-4 (Truth in Advertising) against DEFENDANTS AENB and AEC.

d) Actual damages or $2,000, court costs, and declaratory judgement that an act or practice violates Title 13, Chapter 11, Utah Code against DEFENDANTS AENB and AEC under UT Code § 13-11-19 (Utah Consumer Sales Practices Act).

e) Damages for injury to peace, happiness, and feelings of PLAINTIFF against DEFENDANTS AENB, AEC, MR. WILLIAMS, MS. FELL, and MS. FIGUEROA under O.C.G.A.§ 51-12-6.

f) Any other relief the Court or Jury may think appropriate.

---

[23] "In a tort case in which the cause of action does not arise from product liability, if it is found that the defendant acted, or failed to act, with the specific intent to cause harm… there shall be no limitation regarding the amount which may be awarded as punitive damages against an active tort-feasor ". O.C.G.A. 51-12-5.1(f).

*/s/ Tamah Jada Clark*

TAMAH JADA CLARK
**PLAINTIFF, PRO PER/PRO SE**

1880 Braselton Hwy
Suite 118 #5018
Lawrenceville, Ga 30043

E-mail: CommonLaw119@gmail.com
Tel: 1(888) 256-6692 ext. 777
Fax: 1(888) 352-1570