IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TAMAH JADA CLARK,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK, ANRE WILLIAMS, AMERICAN EXPRESS COMPANY, JENNIFER FELL, and MIA FIGUEROA,<br><br>      Defendants. | ORDER ADOPTING REPORT AND RECOMMENDATIONS<br><br>Case No. 2:25-cv-00177-JNP-DBP<br><br>District Judge Jill N. Parrish |

Plaintiff Tamah Jada Clark sued defendants American Express National Bank, American Express Company, Anre Williams, Jennifer Fell, and Mia Figueroa, asserting claims related to a credit card agreement. On June 18, 2025, Magistrate Judge Dustin B. Pead issued two Report and Recommendations (R&Rs) in this action. In the first R&R, he recommended that the court grant the motion to compel arbitration brought by American Express National Bank and American Express Company and dismiss the claims against these entities. ECF No. 36. In the second R&R, Judge Pead recommended that the court grant the motion to dismiss the claims against Williams, Fell, and Figueroa for lack of personal jurisdiction. ECF No. 37. In both R&Rs, Judge Pead notified the parties that they had to file any objections within 14 days of service and that a failure to object may constitute waiver.

On June 19, 2025, Clark filed a timely objection to the R&Rs. On July 13, 2025, Clark also filed a document that the court interprets to be a supplemental objection in which she argues that

the United States Arbitration Act (commonly known as the Federal Arbitration Act or the FAA) is unconstitutional. The court OVERRULES these objections and ADOPTS both of the R&Rs.

## ANALYSIS

The court reviews de novo the portions of the R&Rs to which Clark has timely objected. *See* FED. R. CIV. P. 72(b)(3).

I.     THE JUNE 19, 2025 OBJECTIONS

In her objections filed on June 19, 2025 Clark asserts four discernable arguments.

Clark first argues that the statutory requirement that "the matter in controversy exceeds the sum or value of $75,000" in order to confer diversity jurisdiction is unconstitutional. *See* 28 U.S.C. § 1332(a). But the issue of diversity jurisdiction was never raised in either of the R&Rs. Indeed, Clark concedes that this issue is not relevant because she alleges that the amount in controversy in this case exceeds $75,000. Accordingly, the court need not address this objection.

Next Clark asserts that—even though she chose to file her complaint in this court—neither the undersigned nor Judge Pead are judges for purposes of diversity jurisdiction. The court disregards this objection because Clark does not adequately explain her argument in order to permit the court to address it. *See United States v. Lamirand*, 669 F.3d 1091, 1098 n.7 (10th Cir. 2012) (holding that "threadbare" arguments are deemed to be waived).

Relying on historical statues regarding court commissioners, Clark also argues that Judge Pead is not a judge and does not have authority to "speak" in this case. The court disagrees. Congress authorized United States district courts to appoint magistrate judges, who are authorized to provide recommendations for the disposition of dispositive motions. 28 U.S.C. §§ 631, 636(b)(1)(B).

Finally, Clark asserts that the undersigned "cannot preside over this Case because women, by reason of their gender, are ineligible to be clothed with or otherwise exercise the *diversity jurisdiction* judicial Power of the United States." ECF No. 39 at 8. Once again, the court is not able to address this argument because Clark provides no reasoning or authority to support it. *See Lamirand*, 669 F.3d at 1098 n.7.

## II.     THE JULY 13, 2025 OBJECTIONS

Clark filed a second document containing objections to the R&Rs on July 13, 2025. These objections are waived because the R&Rs informed Clark of the 14-day deadline to file objections, and Clark filed her second document well beyond that deadline. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) ("This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions."). Moreover, the interests of justice do not require the court to deviate from the firm waiver rule. *See id*.

## CONCLUSION

For the above stated reasons, the court overrules Clark's objections and adopts the R&Rs. Accordingly, the court rules as follows:

1) The court GRANTS the motion to compel arbitration brought by American Express National Bank and American Express Company. ECF No. 36. The claims against these defendants are dismissed with prejudice.

2) The court GRANTS the motion to dismiss the claims against Anre Williams, Jennifer Fell, and Mia Figueroa for lack of personal jurisdiction. ECF No. 37. The claims against these defendants are dismissed without prejudice.

DATED July 18, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge